IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

STEVEN M GRESHAM,

    Plaintiff,

v.                                                                          CASE NO. 1:09-cv-00236-MP -GRJ

MICHAEL J ASTRUE,

    Defendant.

_____/

## O R D E R

    This matter is before the Court on Doc. 20, Report and Recommendation of the Magistrate Judge, recommending that the decision of the Commissioner, denying benefits, be reversed and this matter remanded for further consideration by the Commissioner. The time for filing objections has passed, and none have been filed.

    The plaintiff sought disability benefits for a period of time where he collected income from rental properties he owned.  The Administrative Law Judge denied benefits for the period finding that the plaintiff engaged in substantial gainful activity when he managed these properties through his management company.  The regulation at issue states that if a business involves more than one person, services are "significant" if a person "contribute[s] more than half the total time required for the management of the business, or . . . render[s] management services for more than 45 hours a month regardless of the total management time required by the business."  The regulation thus requires the ALJ to consider whether the claimant contributed more than half the total time required for the management of the business.

    The plaintiff argued that he did not provide significant services to the business but

instead merely collected rent checks, ordered repairs and paid property tax.  In this regard, the plaintiff claimed that until his wife's death in 2007, she performed virtually all of the business tasks and that after she died, all he did was deposit rent checks and pay property taxes.  He also hired a handyman to occasionally perform work on the property.  The Court agrees with the Magistrate Judge that the Administrative Law Judge did not properly consider whether these individuals' efforts made plaintiff's contribution less than half the total time required.   Thus, a reversal and remand, under sentence four of 42 U.S.C. § 405(g) is appropriate.

A remand under sentence four is considered a final judgment.  Bergen v. Commissioner, 454 F.3d 1273 (11th Cir. 2006).  Thus, absent a court order stating otherwise, a successful Plaintiff's counsel would normally have fourteen days after the order of remand to file a motion with the District Court requesting an award of attorney fees.  Fed. R. Civ. P.  54(d)(2)(B).  This Rule has been interpreted by the Eleventh Circuit to even apply to a request for fees to be paid from Plaintiff's past due benefits pursuant to 42 U.S.C. § 406(b)(1).   Bergen, 454 F.3d at 1277-78.  However, Plaintiff's counsel in such a case will not know the amount of benefits - and therefore fees - until after the Commissioner awards benefits, which typically takes longer than fourteen days after the entry of judgment.  Therefore, an extension of time to seek such fees is warranted, and was recommended by the Bergen opinion.  Id.  Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

This Clerk is directed to enter final judgment remanding this case to the Commissioner under sentence four of 42 U.S.C. § 405(g) for further administrative proceedings to assess thoroughly the nature of Plaintiff's activities with respect to the rental property and the extent of the participation of other persons in the management of the rental property– relative to Plaintiff's participation – in determining whether Plaintiff rendered significant services to the business.

Pursuant to Bergen, proceedings on attorney fees under the Social Security Act, 42 U.S.C. § 406(b) are stayed until the matter is fully adjudicated upon remand.  The

Plaintiff shall file a motion to award fees under 406(b) within 30 days after counsel receives notice from the Defendant Commissioner as to Plaintiff's past due benefits.

This stay relates only to attorney fee proceedings under § 406(b) of the Social Security Act, not to attorney fee proceedings under the Equal Access to Justice Act, 28 U.S.C. § 2412, the latter of which may be adjudicated at this time.

**DONE AND ORDERED** this *24th* day of May, 2011

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge